UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK NAGY,<br><br>    Defendant. | No. 2:14-cv-01065-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Scott Johnson seeks damages and injunctive relief against Defendant Frank Nagy for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Plaintiff claims he encountered various physical barriers at Defendant's strip mall in Manteca, California. Plaintiff now moves for summary judgment. ECF No. 24. For the reasons that follow, Plaintiff's Motion is GRANTED.

## BACKGROUND

Plaintiff is a quadriplegic who cannot walk, uses a wheelchair, and has significant manual dexterity impairments. Stmt. of Undisputed Facts, ECF No. 24-2, ¶¶ 1–2. He drives a specially equipped van with a lift that deploys from the passenger side of the

1

van to accommodate his wheelchair.  Id. ¶ 2.  On July 15, 2013, Plaintiff visited Defendant's strip mall, the Northgate Center, where he found the accessible parking to be insufficiently marked and accompanied by an access aisle that was less than eight feet wide.  Id. ¶¶ 6–8.  Despite this, Plaintiff parked and then visited a store in the mall, the A-1 Cigarette Store.  Id. ¶ 11.  There he discovered that the entrance had a horizontal grab bar handle, which was difficult for him to use due to the grasp required to operate it, and someone had to help him open the door.  Id. ¶¶ 11–13.

On September 20, 2013, Plaintiff again visited the strip mall, this time parking at a nearby casino.  Id. ¶¶ 14–15.  On this trip, Plaintiff visited a different store, the Family Barber, where he encountered another horizontal bar handle.  Id. ¶¶ 14, 16.  At the Family Barber, Plaintiff entered the restroom, finding a door knob that was also difficult for him to use as well as a sink that lacked knee clearance for those in wheelchairs.  Id. ¶¶ 17–19.  Plaintiff has since attempted to return to the strip mall on at least seven other occasions, each time meeting the same obstacles.  Id. ¶ 21.  At least once, On February 5, 2014, Plaintiff had his caregiver make purchases at the strip mall for him while he waited in his van.  Id. ¶ 22.

Plaintiff had an investigator conduct an inspection of the strip mall twice since that visit, first on December 8, 2015, and then on January 2, 2017.  Id. ¶¶ 23, 32.  On both inspections, the investigator discovered that barriers to access still existed, though additional signage on the accessible parking space was discovered on the second visit.  Id. ¶¶ 24–31, 33–34.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to

dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that

might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp & Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

Defendant has not filed an opposition to Plaintiff's Motion for Summary Judgment or a statement of non-opposition.[1] However, "[a] district court may not grant a motion for

---

[1] Defendant filed a document styled a Response to Plaintiff's Motion for Summary Judgment on

4

summary judgment solely because the opposing party has failed to file an opposition." Van Mathis v. Safeway Grocery, No. C 09-2026 WHA (PR), 2010 WL 3636213, at *1 (N.D. Cal. Sept. 14, 2010) (citing Crisobal v. Siegel, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994)). Instead, a district court must determine whether the movant has satisfied "its burden of showing its entitlement to judgment." Crisobal, 26 F.3d at 1491.

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)). The Unruh Civil Rights Act provides, in relevant part: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Civil Rights Act.

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Thus, because Plaintiff is a paraplegic, he is considered disabled within the meaning of the ADA. Defendant also owns the strip mall in question, and shopping centers are considered public accommodations under the ADA. See id. § 12181(7)(E). Finally, by not meeting the requirements set forth in the ADA

---

May 8, 2017, but the next day marked it "DISREGARD DRAFT COPY, ATTORNEY TO REFILE." ECF No. 25. The file at ECF No. 25 indeed appears to be a draft, and Defendant has not refiled a final version. The Court also notes that the draft version was filed almost a full month past the April 13, 2017 deadline to file an opposition.

Accessibility Guidelines for Buildings and Facilities ("ADAAG"), Defendant's strip mall contains barriers to access. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) ("Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access."). Accordingly, Plaintiff has shown he is entitled to judgment for his claims under both the ADA and the Unruh Civil Rights Act.

Plaintiff seeks statutory damages under the Unruh Civil Rights Act for three violations: one violation for each of his visits on July 15, 2013; September 20, 2013; and February 5, 2014. Pl.'s P. & A. in Supp. of Mot. for Summ. J. ("Pl.'s MSJ"), ECF No. 24-1, at 14. As the Unruh Civil Rights Act provides $4,000 in damages for each violation, Plaintiff has shown he is entitled to $12,000 in damages for the three violations.

## CONCLUSION

For the reasons provided, Plaintiff's Motion for Summary Judgment, ECF No. 24, is GRANTED. Defendant is enjoined to make his property compliant with the Americans with Disabilities Act and the Court awards Plaintiff statutory damages in the amount of $12,000.

IT IS SO ORDERED.

Dated: September 12, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE