UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-01065-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| FRANK NAGY, | |
| Defendants. | |

Plaintiff Scott Johnson, a level C–5 quadriplegic who cannot walk and has manual dexterity impairments, brought the present lawsuit against Defendant Frank Nagy seeking damages and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51. ECF No. 1. Plaintiff claimed he encountered various physical barriers at Defendant's strip mall in Manteca, California, and moved for summary judgment of his claims, which the Court granted by Memorandum and Order dated September 13, 2017. Pursuant to that Order, Defendant was ordered to make his property compliant with the ADA, and the Court awarded Plaintiff statutory damages under the Unruh Civil Rights Act in the amount of $12,000. Plaintiff now moves for attorney's fees and costs in the

///
///

1

total amount of $11,594.50, which motion has been fully briefed and is now before the Court, ECF No. 30.[1]

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs...." 42 U.S.C. § 12205. A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976). Moreover, Section 55 of the California Civil Code provides that "[t]he prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55.

Attorney's fees are calculated using the lodestar method, under which "a reasonable hourly rate [is multiplied] by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). The lodestar figure may then be adjusted based on an analysis of twelve factors as outlined by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 430, n. 3. Plaintiff has the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

By way of his motion, Plaintiff requests no specified hourly rate for Mr. Potter, $350 per hour for Ms. Grace, and $250 per hour for Mr. Price, Ms. Lockhart, and Ms. Allen. Mot. at 3-4. But the billing statements attached as Exhibit 2 to the

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

2

| | |
|---|---|
| 1 | Declaration of Mr. Potter actually reflect the following hourly rates: $350 for Mr. Potter, |
| 2 | $250 for Ms. Grace, $200 for Mr. Price, Ms. Lockhart, and Ms. Allen, and $200 for |
| 3 | Ms. Masanque.  See Ex. 2 to Decl. of Mr. Potter, at 2-11.  Plaintiff has attached three |
| 4 | orders in other cases in which Plaintiff's attorneys were awarded even higher fees. |
| 5 | Defendant argues that these rates are excessive and that the maximum hourly rate in |
| 6 | ADA cases like this one has been set by this Court at $300 per hour.  Defendant |
| 7 | additionally argues that (1) the billings here are "top heavy" (meaning Mr. Potter claims |
| 8 | to have performed too much work, and work that a more junior person could have done), |
| 9 | and (2) that Mr. Price claims time for a settlement conference he did not attend. |
| 10 | With regard to the rates claimed, Defendant is correct.  Plaintiff's Central District |
| 11 | cases are not persuasive here, and the prevailing hourly rates in the Eastern District are |
| 12 | indeed lower.  In Johnson v. Lin, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016), for |
| 13 | example, Potter and Grace were awarded $300 and $175, respectively.  More recently, |
| 14 | in Johnson v. Akins, Case No. 2:16–cv–02067–MCE–KJN, this Court found hourly rates |
| 15 | of $300 and $200 proper for Potter and Grace.  Additionally, in March of 2018, another |
| 16 | judge in this district awarded Mr. Potter $300 per hour and other attorneys $150 for |
| 17 | similar work.  Johnson v. Saleh, 2018 WL 1157494, at *3 (E.D. Cal. Mar. 5, 2018). |
| 18 | Similarly, in August of last year, another court within the district awarded $300 per hour |
| 19 | to Mr. Potter and $175 per hour to Ms. Grace.  Johnson v. Swanson, 2017 WL 3438735, |
| 20 | at *4 (E.D. Cal. Aug. 10, 2017).  Additionally, in March of 2017, the undersigned |
| 21 | awarded Mr. Potter $300 per hour.  Johnson v. Patel, 2017 WL 999462, at *3 (E.D. Cal. |
| 22 | Mar. 15, 2017).  Around that same time, the undersigned also awarded $300 per hour |
| 23 | for partners and $200 per hour for associates in a similar ADA case.  Chapman v. Pier 1 |
| 24 | Imports (U.S.), Inc., 2017 WL 999253, at *3 (E.D. Cal. Mar. 15, 2017). |
| 25 | Consequently, Plaintiff should be well aware that, at this time, the market rate in |
| 26 | Sacramento for a partner with Mr. Potter's experience is $300 per hour, and a range of |
| 27 | $150 to $200 per hour is appropriate for associate attorneys.  Johnson v. Elk Horn Gas |
| 28 | Inc., No. 2:14-CV-00798-MCE-DB, 2018 WL 2047260, at *2–3 (E.D. Cal. May 2, 2018). |

1   These rates are consistent with the cases cited above and Plaintiff has presented no
2   relevant evidence to the contrary.  The Court thus concludes that the reasonable rate for
3   Mr. Potter is $300 per hour, and that Ms. Grace, Mr. Price, Ms. Lockhart, Ms. Allen, and
4   Ms. Masanque are each entitled to $200 per hour.  Id.

5        As for Defendant's request that the Court strike two of Mr. Potter's entries and
6   Mr. Price's entries for a settlement conference he purportedly did not attend, the request
7   is denied.  With regard to Mr. Potter's work, the Court will not presume to better
8   understand the delegation and staffing decisions of a firm, and as such declines to strike
9   the fees associated with work that may or may not have been accomplished by a more
10  junior attorney.  See Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008).
11  With regard to Mr. Price's entries, Plaintiff's Reply adequately explains that while
12  Mr. Price did not attend the February 29, 2016 settlement conference, he did prepare for
13  and travel to the January 11, 2016 settlement conference.  Defendant apparently
14  cancelled that conference on the day of, after Mr. Price had already prepared for and
15  traveled to the conference.  These fees are reasonable under the circumstances, and
16  the Court sees no reason to exclude them from Plaintiff's award.

17       With the exception of the above, Defendant does not challenge the
18  reasonableness of the time expended on the various tasks detailed on the billing
19  statements, and the Court declines to question the same.  Accordingly, the lodestar in
20  this case is as follows:

| Attorney | Hours[2] | Rate | Total |
| --- | --- | --- | --- |
| Mr. Potter | 9.4 | $300.00 | $2,820.00 |
| Ms. Grace | 4.3 | $200.00 | $860.00 |
| Mr. Price | 5.7 | $200.00 | $1,140.00 |
| Ms. Lockhart | 10.4 | $200.00 | $2,080.00 |

---

[2] The hours listed here are taken from Plaintiff's Billing Summary, Ex. 1 to the Declaration of Mr. Potter.  The Court notes there is a slight disparity between the summary page and the hours recorded in each attorney's individual billing statement.  Because the summary jibes with Plaintiff's total requested award, the Court uses the hours claimed therein in its calculation.

4

| Ms. Allen | 1.1 | $200.00 | $220.00 |
| Ms. Masanque | 6.3 | $200.00 | $1,260.00 |

Total reasonable attorney's fees = $8,380.00

Finally, Plaintiff requests $2,459.50 in litigation costs, which includes fees paid to Plaintiff's expert ($1,509.50) and investigator ($400), as well as the filing fee ($400) and general service costs ($150). Defendant does not dispute this amount, and the Court has no reason to question its reasonableness. For that reason, the Court finds an award of $2,459.50 in costs to be reasonable and appropriate.

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees, ECF No. 30, is GRANTED. The Court awards Plaintiff $8,380.00 in attorney's fees and $2,459.50 in costs, for a total of $10,839.50.

IT IS SO ORDERED.

Dated: July 18, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE